COURT OF APPEALS OF VIRGINIA


Present: Judges Bray, Annunziata and Overton


MARY POWERS, n/k/a
 MARY POWERS EVANGELISTA
                                    MEMORANDUM OPINION[*]
v.   Record No. 0249-97-2              PER CURIAM
                                     AUGUST 12, 1997
CHESTERFIELD-COLONIAL HEIGHTS
 DEPARTMENT OF SOCIAL SERVICES


            FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                   Herbert C. Gill, Jr., Judge

            (Scott D. Landry, on brief), for appellant.

            (Steven L. Micas, County Attorney; Michael S. J.
            Chernau, Assistant County Attorney, on brief), for
            appellee.


     Mary Powers (Powers), now known as Mary Powers Evangelista,

appeals the decision of the circuit court terminating her

residual parental rights to her children, Kevin, Laura, and

Barbara.  Powers contends that the trial court erred by

(1) finding that the Chesterfield-Colonial Heights Department of

Social Services (DSS) presented sufficient evidence to support a

finding pursuant to Code § 16.1-283(C)(2); and (2) finding that

DSS presented sufficient evidence that termination of her

parental rights was in the best interests of the children.  Upon

reviewing the record and briefs of the parties, we conclude that

this appeal is without merit.  Accordingly, we summarily affirm

the decision of the trial court.  Rule 5A:27.

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

"Code § 16.1-283 embodies '[t]he statutory scheme for the
. . . termination of residual parental rights in this
Commonwealth.'"  Lecky v. Reed, 20 Va. App. 306, 311, 456 S.E.2d
538, 540 (1995) (citation omitted).  "This 'scheme provides
detailed procedures designed to protect the rights of the parents
and their child,' balancing their interests while seeking to
preserve the family.  However, we have consistently held that
'[t]he child's best interest is the paramount concern.'"  Id.
(citations omitted).

> "In matters of a child's welfare, trial
> courts are vested with broad discretion in
> making the decisions necessary to guard and
> to foster a child's best interests."  The
> trial court's judgment, "when based on
> evidence heard ore tenus, will not be
> disturbed on appeal unless plainly wrong or
> without evidence to support it."

Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123,
128, 409 S.E.2d 460, 463 (1991) (citations omitted).

I.

Powers contends that the trial court erred when it found
sufficient evidence that she had been unwilling or unable within
a reasonable period of time not exceeding twelve months to remedy
substantially the conditions which led to her children's foster
care placement, notwithstanding the reasonable and appropriate
efforts of rehabilitative agencies.  See Code § 16.1-283(C)(2).
The record, however, demonstrates that, at the time they were
placed in foster care, two of the three children displayed
inappropriate sexual activity.  All of the children showed

2

various symptoms of psychological and emotional distress related to Powers' abuse and inappropriate parenting.  A home visit also revealed that Powers' housekeeping skills were poor and that roaches and flies were increasingly evident.

Powers' compliance with the foster care plan was sporadic. She did not cooperate with the intensive family services provided through DSS, ultimately terminated as a result of Powers' poor attitude.  She refused to acknowledge any fault in connection with her children's placement into foster care.  She denied any fault with regard to her sexual abuse of her daughter, despite clear substantiation of the child's claims and Powers' subsequent plea of guilty to sexual battery.

The record demonstrates that DSS did make sufficient reasonable and appropriate efforts to assist Powers, and that those services failed largely because Powers did not acknowledge any need for services and did not accept any responsibility for her children's traumatized state.  The record therefore supports the trial court's conclusion that DSS presented clear and convincing evidence that Powers, without good cause and for a period in excess of twelve months, was unwilling or unable to substantially correct the conditions which led to the children's foster care placement, notwithstanding the assistance of DSS.

## II.

DSS produced clear and convincing evidence in the trial court that termination of Powers' parental rights was in the

children's best interests.  When the family began receiving services, the children showed signs of serious psychological trauma.  One heard voices telling her to kill her sister; another was masturbating, head banging, and suffering from enuresis.  Powers yelled at the children, threatening to hit or kill them, and demonstrated few appropriate parenting skills.  Despite receiving services, the family did not progress, as one child tried to set the house on fire and another was acting out sexually at school.

According to the written statement of facts, the children while in foster care

> continued in therapy with consistent improvements over time to the extent that they had finally worked through the major symptoms of trauma and were no longer in need of therapy.  They were beginning to enjoy life as well-adjusted children.

After the children were brought under DSS' custody, two of the children had a single contact with Powers.  Those two children also expressed an interest in seeing Powers again, although none of the children wanted to live with Powers and all expressed a desire to be adopted.  The eldest child consistently indicated she did not want to see Powers again.

While Powers pled guilty to sexual battery of her eldest child and served time in jail, she refused to acknowledge any responsibility for the children's problems, and dismissed her own failures as a parent.  Thus, there was no realistic expectation that the children could be returned to Powers' care in the

4

foreseeable future, if at all. "It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming . . . responsibilities." <u>Kaywood v. Halifax County Dep't of Social Servs.</u>, 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990). Therefore, we find no error in the trial court's determination that it was in the best interests of the children to terminate Powers' parental rights.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>